IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREL MARTINEZ | : | |
| Plaintiff, | : | C. A. No. |
| v. | : | |
| | : | **Jury Trial Demanded** |
| COASTAL SERVICES, LLC | : | |
| Defendant. | : | |

## COMPLAINT

1. This action arises to remedy violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., Delaware Whistleblower's Act, a Breach of Good Faith and Fair Dealing in Plaintiff's employment, Promissory Estoppel, and the Delaware Wage and Collection Act. By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

## JURISDICTION

2. Part of this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claims arose within Ocean View, Sussex County, Delaware, in the District of Delaware, which is where venue is proper.

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Andrel Martinez, is a male citizen of the United States and currently resides in Millsboro, Delaware. Martinez worked as a HVAC technician with Coastal Service from April 2019 until January 15, 2020.

5. Defendant, Coastal Services, LLC ("Coastal Services") is a registered corporation in the State of Delaware.  Its registered agent is Coastal Services LLC, 30430 Cedar Neck Road, Ocean View, DE 19970.

6. In April 2019, Martinez began employment at Coastal Services as a HVAC technician at a rate of $17.50 an hour.

7. On January 15, 2020, Martinez was sent to remove and install an HVAC system at Sea Colony Condominums in Bethany Beach, Delaware.

8. Upon arrival, Martinez discovered that asbestos work was being actively done at the location.

9. As a result of the presence of asbestos, Martinez would be exposed to to dangerous hazards.

10. The dangers of worker exposure to asbestos are addressed in specific OSHA standards for the construction industry, general industry, and shipyard employment sectors.

11. In the area that Martinez was dictated to work, there was a warning sign that stated, "Danger Contains Asbestos".

12. Martinez was never warned of the asbestos and was never given Personal Protective Equipment (PPE) for asbestos work.

13. Discovering the danger, Martinez called his shop manager Matthew Scanlon. Owner George Elliott was also present on the call.

14. The next day (January 16, 2020) Martinez came to work and was told by Elliott that the company did not like his attitude, and he was expected to complete all his jobs.

15. Martinez was terminated as a result of him complaining about the presence of asbestos at the job site

16. Coastal Services has admitted that Martinez's complaint was a motivating factor for his termination.

## OVERTIME ISSUES

17. During his employment, Martinez worked 40-50 hours per week, being paid $17.50 per hour.

18. The minimum amount of time that Martinez worked in one week during that time was 45 hours.

19. Martinez was at all times material, employed by Coastal Services as a HVAC specialist and was an employee as defined by 29 U.S.C. § 203(e).

20. Defendant Coastal Services does business in Delaware, as an

enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d), which have employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the locations where Martinez was employed.

21. Defendants, George Elliott and Matthew Scanlon, of Defendant Coastal Services directed and managed Martinez's schedule and pay.

22. Defendants, George Elliott and Matthew Scanlon acted and act directly in the interests of Defendant Coastal Services, in relation to its employees. Thus, Elliott and Scanlon were and are an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## COUNT I
## VIOLATION OF FLSA BY DEFENDANTS COASTAL SERVICES LLC, GEORGE ELLIOTT AND MATTHEW SCANLON - OVERTIME

23. Plaintiff, Martinez, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 22 above.

24. Since on or about April 2019 up to and including January 15, 2020, Defendants Coastal Services, Elliott, and Scanlon have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Martinez, since October 2016, has worked in excess of

40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

25. The failure to pay overtime compensation to Martinez is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee. In the alternative, if Martinez was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to Martinez.

26. Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Martinez's status as non-exempt but chose not to pay him in accordance with the Act.

27. Martinez is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants Coastal Services, Elliott, and Scanlon:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

**WHEREFORE**, Plaintiff, Martinez, prays that this court will grant judgment against Defendants Coastal Services, Elliott, and Scanlon, jointly and severally:

    a.    awarding Martinez payment of overtime compensation and compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b.    awarding Martinez an additional equal amount as liquidated damages;

    c.    awarding additional liquidated damages for unreasonably delayed payment of wages;

    d.    awarding Martinez his costs, including a reasonable attorney's fee; and

    e.    granting such other and further relief as is just.

### COUNT II: VIOLATION OF DELAWARE WHISTLEBLOWERS' PROTECTION AGAINST COASTAL SERVICES LLC

28.  Paragraphs 1 through 27 are hereby realleged and incorporated herein by reference as if fully set forth herein.

29.  An employer shall not discharge, threaten, or otherwise discriminate against an employee because the employee reports verbally or in writing to the employer or to the employee's supervisor a violation, which the employee knows or reasonably believes has occurred or is about to occur.

30. Defendant discriminated against Martinez by terminating him because he reported violations of OSHA standards related to the dangers of asbestos regarding work conditions to OSHA on January 15, 2020.

### COUNT III: BREACH OF GOOD FAITH AND FAIR DEALING AGAINST COASTAL SERVICES LLC

31. Paragraphs 1 through 30 are hereby alleged and incorporated herein by reference as if fully set forth herein.

32. Coastal Services owed to Martinez a covenant of good faith and fair dealing concerning his employment contract.

33. By its actions described in this Complaint, Coastal Services has breached the covenant of good faith and fair dealing implied under Delaware law when it terminated Martinez in retaliation for reporting health and safety violations.

34. As a direct result of the wrongful conduct of Coastal Services, Martinez has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT IV
### WAGES DUE UNDER 19 DEL. C §1111 AGAINST DEFENDANTS COASTAL SERVICES LLC

35. Paragraphs 1 through 34 are hereby realleged and incorporated herein by reference as if fully set forth herein.

36.     Defendant Coastal Services, as employer, has, without any reasonable grounds for dispute, failed to pay the Plaintiff's wages on a timely basis as required under 19 Del. C. 1101 et seq.

37.     Defendant is liable to Plaintiff for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

**THE POLIQUIN FIRM, LLC**

/s/ Marc J. Wienkowitz
Marc J.Wienkowitz, Esquire (No. 5965)
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5001
Attorney for Plaintiff

DATED:  February 24, 2021